UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| LAWRENCE BREED, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-CV-425-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| JEFFERSON COUNTY METRO | ) | **ORDER** |
| GOVERNMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Before the Court are Defendants Jefferson County Metro Government and Marilyn Harris's Motion to Dismiss and Defendant Mitch Perry's Motion to Dismiss. [R. 8]; [R. 9]. Plaintiff submitted a Motion to Deny Defendants' Motion, which the Court construes as Plaintiff's response to Defendants' motions. [R. 10]. Defendant Perry replied. [R. 11]. Defendants Jefferson County Metro Government and Harris did not file a reply, and the time to do so has passed. The motions are ripe and ready for review. For the reasons that follow, the Court will grant Defendants Jefferson County Metro Government and Marilyn Harris's Motion to Dismiss and Defendant Mitch Perry's Motion to Dismiss. [R. 8]; [R. 9].

I.    **BACKGROUND**

Plaintiff is a landlord. [R. 1, p. 2].[1] During the COVID-19 pandemic in 2020, one of his tenants, Terrance Fountain, was unable to pay his rent. *Id.* at 2–3. Fountain filed an application for rental assistance with the Jefferson County Eviction Diversion Program. *Id.* This local program was created to manage and distribute rental assistance funds allocated to the states through the

---

[1] The Court cites to the page numbers at the top of the page, assigned when the documents were filed in ECF.

Federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and subsequent COVID-19-related legislation, including the American Rescue Plan Act ("ARPA"). *Id.* at 1; [R. 1-2, p. 2 (Court Eviction Diversion Program Audit Summary)]; *see* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020); American Rescue Plan Act of 2021, Pub. L. No. 117-2, 135 Stat. 4 (2021).[2]

Around November 20, 2020, the Jefferson County Eviction Program sent Plaintiff's company, Merchants Financial Services, LLC ("Merchants Financial"), a check for $2,000, which covered Fountain's unpaid rent through 2020. [R. 1, p. 3]; [R. 1-4, p. 2]. Plaintiff cashed the check. [R. 1, p. 3].

In May 2021, Plaintiff submitted another application to the Jefferson County Eviction Program for Fountain's unpaid rent. [R. 1, p. 3]; [R. 1-5, p. 3]. Around June 17, 2021, the program issued a check for $7,500 to Plaintiff in his individual name, and Plaintiff cashed this check around June 28, 2021. [R. 1, p. 3]; [R. 1-4, p. 3]. The defendants claim that Plaintiff requested this check to cover part of 2020, but Plaintiff claims that this check was to cover Fountain's "delinquent rent, through 2021." [R. 1, p. 3]; [R. 1-5, p. 3].

Louisville/Jefferson County Metro Government's Office of Housing conducted a review and found that "Plaintiff had received duplicate payments under" the Court Eviction Diversion Program. [R. 1-10, p. 2]; [R. 1-5, p. 3].

After discovering this discrepancy, Marilyn Harris, the Director for the Office of Housing, sent a letter to Plaintiff, dated August 2, 2021, noting that his second application included

---

[2] "The American Rescue Plan continues many of the programs started by the CARES Act (2020) and Consolidated Appropriations Act (2021) by adding new phases, new allocations, and new guidance to address issues related to the continuation of the COVID-19 pandemic." *About the American Rescue Plan*, U.S. DEP'T OF THE TREAS., https://home.treasury.gov/policy-issues/coronavirus/about-the-american-rescue-plan#:~:text=U.S.%20Department%20of%20the%20Treasury,-Enter%20Search%20Term&text=The%20American%20Rescue%20Plan%20continues,of%20the%20COVID%2D19%20pandemic [https://perma.cc/W58B-VTH6] (last visited Jan. 9, 2025).

fraudulent information and requesting that he return the $7,500 sent to him in June 2021. [R. 1, p. 4]; [R. 1-5, p. 3]. Plaintiff returned this amount to the Jefferson County Eviction Program through a check dated August 17, 2021 and issued by his company, Merchants Financial. [R. 1, p. 5]; [R. 1-6, p. 2].

On September 26, 2022, Plaintiff filed an action in state court against Harris and Justin Robinson, Deputy Director of the Office of Housing, for return of this $7,500 from the Jefferson County Eviction Program because he claimed that he returned the money "against his will" and that his second application was not fraudulent. [R. 1, p. 5]; [R. 1-10, p. 2]. The defendants— Robinson and Harris—filed a motion to dismiss for failure to state a claim, [R. 1-7], and the state court granted it on April 5, 2023. [R. 1-10]. In the motion, Defendants Robinson and Harris asserted that an "audit revealed that duplicate payments were made to [Plaintiff] and/or Merchants Financial Services for the same tenant for the same time period" and, in the August 2, 2021 letter, requested that Plaintiff return the money to "Metro Government."[3] [R. 1-7, p. 2]; [R. 1-5, pp. 2–3].

The presiding state court judge, Defendant Mitch Perry, determined that there were multiple deficiencies in Plaintiff's Complaint that "render[ed] dismissal necessary." [R. 1-10, p. 3]. In particular, Judge Perry found that the plaintiff could not maintain an action where he attempted to "*pro se* assert claims on behalf of a non-party LLC, even one that he is the manager of," and that defendants were entitled to state "governmental immunity." *Id.* at 3–4. In the Factual Background section of his order, Defendant Perry mentioned that "an audit of the program revealed" Plaintiff's duplicative payments. *Id.* at 2. Soon after, Plaintiff filed suit again in state

---

[3] The August 2, 2021 letter referred to a "review" of the program, not an audit. [R. 1-5, p. 2].

court, this time against Jefferson County Metro Government, again seeking to recover the $7,500. [R. 8-2, p. 4]; [R. 1, pp. 4–7]. Judge Perry also dismissed this case. *Id*.

Plaintiff then filed a petition for a writ of mandamus with the Kentucky Court of Appeals, asking that the trial court be compelled to enter judgment in his favor in the state court cases. *Id.* at 5–8. On April 3, 2024, the court dismissed his petition, finding that Plaintiff "failed to establish that he meets the prerequisites for the issuance of an extraordinary writ," since his failure to timely appeal his state lawsuit against Defendant Harris and Justin Robinson did "not render that remedy [of appeal] inadequate." *Id.* at 7.

On July 24, 2024, Plaintiff filed his Complaint in this Court using the Court's standard form and asserted his claim under federal question jurisdiction. [R. 1-11 (Civil Cover Sheet)]. In his Complaint, Plaintiff alleges that Defendant Harris "forced" him "to return $7,500 of federally validated federal money . . . for no legal reason."[4] [R. 1, p. 8]. He also presents allegations of three false claims made by Defendants Harris and Perry. First, he argues that Harris's claim in the August 2, 2021 letter that he received duplicative payments is false. *Id.* at 5. Second, he contends that Harris and Robinson's motion to dismiss in state court contained a false statement because, contrary to their claim about an audit, there was no evidence that a formal audit of the funding program was ever conducted. *Id.*; [R. 1-5]. Finally, as a result of her allegedly false claim about an audit in the motion to dismiss, when Judge Perry included the term "audit" in his Opinion and Order, Plaintiff argues that Perry presented a false claim about the audit himself. [R. 1, p. 5].

Plaintiff asks that the Court "compel Defendants to return validated federal rent money to Plaintiff, he was forced to return for no legal reason." [R. 1-11]; *see also* [R. 1, p. 1]. Within his

---

[4] Plaintiff does not specify whether he has sued Defendant Harris in her individual capacity, official capacity, or both. For that reason, the Court considers Plaintiff's Complaint against Harris in both her individual and official capacities.

Complaint, he uses the word "federal" when describing the money he received from the Jefferson County Eviction Program and mentions the American Rescue Plan Act ("ARPA") as the source of funding for the program. *See* [R. 1].

On August 27, 2024, Defendants Jefferson County Metro Government and Harris filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). [R. 8]. They claim that Plaintiff's "Complaint must be dismissed because the Jefferson Circuit Court has already conclusively ruled that he is not entitled to the relief he seeks," so res judicata bars Plaintiff's claims against them. [R. 8-1, p. 5]. On August 30, 2024, Defendant Perry filed a separate motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6). [R. 9]. He presents three arguments: "First, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Second, Judge Perry is entitled to judicial immunity. Third, the complaint fails to state a claim against Judge Perry upon which relief can be granted." *Id.* at 2. Plaintiff filed what the Court construes to be a response to Defendants' motions, alleging that "[e]ach of the Defendant's claims in their Motion To Dismiss are frivolous defenses, including peremptory defense, because they were without evidentiary facts, or affirmative defenses, to support their motion to Dismiss." [R. 10, p. 2]. Defendant Perry filed a reply asking that the case against him be dismissed and stating that Plaintiff "fail[ed] to offer anything in his response to Judge Perry's motion that rebuts any of these grounds for dismissal." [R. 11, p. 1]. The Court will now address the motions.

## II.   LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides grounds upon which a defendant may move to dismiss a claim. Relevant here are Rule 12(b)(1) and Rule 12(b)(6). First, under Rule 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction. If subject matter jurisdiction is challenged pursuant to this rule, "the plaintiff has the burden of proving

jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual allegations in the complaint "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

In ruling on a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to

defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court can also consider public records and documents appropriate for the taking of judicial notice, even those not referenced in the complaint, without converting the Motion to Dismiss into one for summary judgment. *See, e.g.*, *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003), *holding modified on other grounds*, *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Basey v. United States*, No. 23-6000, 2024 WL 2130564, at *2 (6th. Cir. Apr. 17, 2024) ("As a pro se litigant, Basey is entitled to a liberal construction of his pleadings."). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations." *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Blair v. Thompson*, No. 5:16-CV-35-TBR, 2017 WL 161638, at *1 (W.D. Ky. Jan.13, 2017) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted)). Moreover, the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see Kelley v. Burton*, 792 Fed. App'x 396, 397 (6th Cir. 2020). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see Francis v. Branch*, No. 3:22-cv-664-CHB, 2023 WL 3325925, at *1 (W.D. Ky. May 9, 2023).

III.    **ANALYSIS**

A.    **Federal Cause of Action**

It is difficult for the Court to discern what claims Plaintiff makes in his Complaint. Plaintiff's completed Civil Cover Sheet marks "federal question" as the basis of jurisdiction. [R. 1-11]. In Section VI of the cover sheet, however, Plaintiff fails to list the federal civil statute under which he brings his claim. *Id.* His brief description of the cause of action does not provide greater clarity; in the description, he asks the Court to "[c]ompel Defendants to return validated federal rent money to Plaintiff, he was forced to return for no legal reason." *Id.* In two motions to dismiss—one filed by Defendants Jefferson County Metro Government and Harris, and the other filed by Defendant Perry—the defendants make multiple arguments about why this case must be dismissed, as stated above. *See* Section I.; [R. 8]; [R. 9]. Plaintiff did not engage with any of these arguments in what the Court construes as his response to the motions. Instead, he faults all defendants for not presenting "evidentiary facts" in support of their claims, and he argues that their lack of evidentiary support means that the claim should not be dismissed. *See* [R. 10]. Ultimately, the Court finds that Plaintiff's claims fail for several reasons.

Turning back to Plaintiff's Complaint, Plaintiff includes the word "federal" and mentions the ARPA as the source of the local government's funding for its rental assistance program. *See* [R. 1]. From these brief mentions, the best the Court can tell is that Plaintiff is asserting a federal claim ostensibly under these statutes for return of the $7,500 in "federal" funds. *Id.* But even accepting the allegations in the Complaint as true and drawing all reasonable inferences in Plaintiff's favor for purposes of the Court's Rule 12(b)(1)[5] or Rule 12(b)(6) analysis, Plaintiff fails to bring a viable federal claim.

---

[5] When faced with a facial attack under Rule 12(b)(1), "the District Court will take the allegations of the complaint as being true similar to a Rule 12(b)(6) motion to dismiss." *Ackerman o/b/o Est. of Ackerman v. Berryhill*, No. 3:17-

Various circuit and district courts have already determined that neither the ARPA nor the CARES Act provides a private cause of action. *See Turner v. Westfield Washington Township*, No. 22-1969, 2022 WL 17039087, at *1 (7th Cir. Nov. 17, 2022) (finding that the "Coronavirus Aid, Relief, and Economic Security (CARES) Act, the Consolidated Appropriations Act of 2021, and the American Rescue Plan Act of 2021 . . . do not confer individual rights or create a private enforcement mechanism" (internal citations omitted)); *Goodall v. Casper*, No. 3:22-CV-543-CHB, 2023 WL 3553130, at *3 (W.D. Ky. May 18, 2023) ("Because the CARES Act and the CDC Order provide no private right of action, Plaintiff's § 4024 and CDC Order claims against Defendants fail as a matter of law and are dismissed."); *Balance v. Rettig*, No. 7:21-CV-646, 2024 WL 2933180, at *2 (W.D. Va. June 11, 2024) (determining that "[t]hese laws do not provide for a private cause of action for individuals to collect the [stimulus] payments that these statutes authorize for eligible persons"); *Baxter v. United States*, No. 2:22-490, 2023 WL 2418369, at *3 (S.D. W.Va. Feb. 16, 2023) ("Additionally, neither the CARES Act nor the CAA nor the ARPA provide for a private right of action."); *Turner v. Hamilton Cnty. Trustee Ass'n*, No. 1:22-CV-275-TWP-DML, 2022 WL 1606289, at *4 (S.D. Ind. May 20, 2022) ("[T]here is no private right of action created, expressly or impliedly, by Congress in the [Consolidated Appropriations Act of 2021] or the CARES Act."); *Betancourt v. Total Prop. Mgmt.*, No. 1:22-CV-33-JLT-EPG, 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022) ("Because the CARES Act provides no private right of action, the claim fails as a matter of law and Betancourt is unable to invoke federal jurisdiction under the CARES Act."); *Ortiz v. Bus. Consumers & Hous. Agency*, No. 2:23-CV-837-FWS-AS, 2023 WL 2188694, at *2 (C.D. Cal. Feb. 23, 2023) ("Given that Plaintiffs' sole ascertainable cause of action and basis for jurisdiction is brought pursuant to the CARES Act, under which no private

---

CV-630-DW, 2018 WL 1440839, at *2 (W.D. Ky. Mar. 22, 2018) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

cause of action lies, the court concludes it appears to lack subject matter jurisdiction over this action, and Plaintiffs claim may be frivolous as lacking a basis in law."); *E.T. v. Paxton*, 19 F.4th 760, 769 n.3 (5th Cir. 2021) ("The plaintiffs' argument that the American Rescue Plan Act provides a private cause of action is tenuous at best. And the district court's bald invocation of the Supremacy Clause and its equitable jurisdiction fails to fill the gap. We discern no language in the act, and plaintiffs point us to none, that appears to create such an action. For this additional reason, plaintiffs' claims, to the extent they are based on the American Rescue Plan Act, likely fail as well."); *Reboot Macon, LLC v. United States*, No. 5:21-CV-221, 2022 WL 1414486, at *5 (M.D. Ga. May 4, 2022) (agreeing with the defendants' argument that Congress' decision not to include a private cause of action "in the American Rescue Plan Act and other similar statutes . . . was likely not inadvertent, but a conscious decision by Congress to refrain from creating a remedy for the alleged conduct the plaintiffs claim warrants relief").

While neither statute provides a federal cause of action, courts differ in whether this warrants dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, or under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Compare Hamilton Cnty. Trustee Ass'n*, 2022 WL 1606289, at *3– 4 (dismissing the plaintiff's claims under Rule 12(b)(6) because the CARES Act did not provide a private right of action, and no other cause of action was asserted); *Westfield Washington Township*, 2022 WL 17039087, at *2 (finding that the district court's dismissal was more appropriately considered as a dismissal under Rule 12(b)(6), not under Rule 12(b)(1), since "a motion challenging 'the existence of a federal cause of action' attacks the merits" (quoting *Boim v. Am. Muslims for Palestine*, 9 F.4th 545, 557 (7th Cir. 2021))), *with Ortiz*, 2023 WL 2188694, at *2 ("Given that [the p]laintiffs' sole ascertainable cause of action and basis for jurisdiction is brought pursuant to the CARES Act, under which no private cause of action lies,

10

the court concludes it appears to lack subject matter jurisdiction over this action, and [p]laintiffs claim may be frivolous as lacking a basis in law."); *Betancourt*, 2022 WL 2359286, at *3–4 (dismissing the plaintiff's claims for lack of jurisdiction and determining that, "[b]ecause the CARES Act provides no private right of action, the claim fails as a matter of law and Betancourt is unable to invoke federal jurisdiction under the CARES Act.").

The Court need not resolve this issue. What is clear is that Plaintiff's attempt to bring a federal claim against the defendants under the ARPA or the CARES Act fails.[6]

## B.    Diversity Jurisdiction

If the Court construes his allegations as asserting the defendants engaged in fraudulent misrepresentation to get the money returned, *see* [R. 1, pp. 5, 7 (referencing a "false claim of an audit" and alleging Judge Perry's order repeated those "false claims")], that state-law claim would require diversity jurisdiction.[7] The diversity jurisdiction statute, in pertinent part, provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States." *See* 28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist

---

[6] Again, construing Plaintiff's complaint liberally, to the extent he attempts to bring a claim under 42 U.S.C. § 1983 for denial of a federal right, the claim similarly fails. Plaintiff has failed to allege he was deprived of a federal statutory or constitutional right under the ARPA or CARES Act. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) ("To prevail on a cause of action under § 1983, a plaintiff must prove "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." (quoting *Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 736 (6th Cir. 2015)). [R. 1]. As explained above, neither statute provides a private right of action or confers a federal right. *See Westfield Washington Township*, 2022 WL 17039087, at *2 (rejecting the plaintiff's § 1983 claim for denial of a federal right to funds under the CARES Act and ARPA and holding that the plaintiff "cannot use § 1983 to sidestep the absence of a private right of action under the Acts.").

[7] Plaintiff's claims are most analogous to a claim for fraudulent misrepresentation. "Under Kentucky law, there are six elements to a claim for fraudulent misrepresentation: (1) the declarant made a material misrepresentation, (2) the misrepresentation was false, (3) the false misrepresentation was made knowingly or recklessly, (4) the declarant induced the plaintiff to act upon the misrepresentation, (5) the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff." *Arnold v. Liberty Mut. Ins. Co.*, 392 F.Supp.3d 747, 770 (E.D. Ky. 2019); *see also Republic Bank & Trust Co. v. Bear Sterns & Co., Inc.*, 683 F.3d 239, 248 (6th Cir. 2019).

unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Here, Plaintiff does not allege that he and the defendants are completely diverse. Regardless, this action clearly falls well below the matter in controversy requirement for diversity jurisdiction, as Plaintiff has only requested return of $7,500. See [R. 1]; [R. 1-11]; 28 U.S.C. § 1332(a). Accordingly, Plaintiff fails to meet his burden of invoking this Court's diversity jurisdiction.

### C.    Failure to State a Claim

Even assuming this Court has jurisdiction to hear Plaintiff's claims, they fail for additional reasons. The Court has carefully reviewed Plaintiff's Complaint and concludes that his allegation against Defendant Perry fails to comply with Federal Rule 8 and to state a claim upon which relief may be granted.

"While the Court has a duty to construe pro se complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with 'fair notice of the basis for his claims.'" *Stephenson v. Judge*, No. 3:10-CV-252-S, 2010 WL 2739008, at *2 (W.D. Ky. July 12, 2010) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). Federal Rule 8(a)(2) requires the complaint to have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This is not a demanding standard, as "[s]uch a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Stephenson v. Metro Corrs.*, No. 3:10-CV-251, 2010 WL 2346729, at *2 (W.D. Ky. June 10, 2010) (quoting *Swierkiewicz*, 534 U.S. at 512). But again, to survive a Rule 12(b)(6) challenge, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678

(2009) (quoting *Twombly*, 550 U.S. at 570 (2007)); *Rice v. Logan*, 2022 WL 3031752, at *2 (E.D.

Ky. Aug. 1, 2022) ("Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff

to plead facts sufficient to show that her claim has substantive plausibility."). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A complaint whose 'well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct' does not satisfy

the pleading requirements of Rule 8 and will not withstand a motion to dismiss.'" *Ruplinger v.*

*Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-CV-583-DJH-RSE, 2021 WL 682075 (W.D. Ky.

Feb. 22, 2021). "Dismissal pursuant to Rule 12(b)(6) . . . is appropriate where this [Rule 8]

standard is not satisfied." *Christian v. Altaire Pharms., Inc.*, No. 5: 20-306-DCR, 2020 WL

6051255, at *2 (E.D. Ky. Oct. 13, 2020).

Here, Plaintiff has not presented any cause of action against Defendant Perry in his

Complaint. Instead, he merely states that Judge Perry included "false claims" in his order about an

audit originally presented by Defendant Harris's motion to dismiss the state litigation. [R. 1, p. 7].

This single sentence does not provide Defendant Perry with "fair notice" about Plaintiff's claims

against him, or what the grounds are for those claims. *See Uribe v. Ramser*, No. 3:22-CV-637-

CHB, 2023 WL 3175440, at *4 (W.D. Ky. May 1, 2023) ("But here, Plaintiff has written her

complaint in a lengthy and confusing narrative format and has failed to clearly identify any causes

of action, state or federal, against these defendants. . . . As a result, neither the Court nor

Defendants have been given fair notice of which federal claims, if any, Plaintiff has attempted to pursue.").

Because Plaintiff has not met the pleading requirements of Rule 8, the claim against Defendant Perry must be dismissed for failure to state a claim under Rule 12(b)(6).

### D.    Judicial Immunity

In as much as Plaintiff seeks money damages from Defendant Perry in his individual capacity, Plaintiff's claim against him is subject to dismissal because he enjoys immunity for his alleged conduct in Plaintiff's state-court action. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *see Harvison v. Little*, No. 23-5516, 2024 WL 2806329 (6th Cir. 2024). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Plaintiff has not identified any actions taken by Defendant Perry outside of his capacity as a judge and only includes a single sentence challenging a word Perry included in his state court decision. *See Scott v. Baker*, No. 3:24-CV-320-CRS, 2024 WL 4629142, at *2 (W.D. Ky. Oct. 30, 2024). Therefore, Defendant Perry is entitled to judicial immunity.

### E.    *Rooker-Feldman* Doctrine

Plaintiff seeks to have the Court order Defendant Perry to award Plaintiff the $7,500 "validated federal rent money" sought in both state court civil actions. [R. 1, p. 1]. To the extent

that Plaintiff is essentially challenging the outcomes of two state-court proceedings that are no longer pending, that challenge is barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19-CV-192-TBR, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *see District of Columbia Ct. of Apps. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The "doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). Here, Plaintiff cannot seek to undo the outcome of a state court proceeding in this Court. *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021). Therefore, to the extent Plaintiff alleges error in Judge Perry's ruling, Plaintiff's claim against Defendant Perry must also be dismissed for lack of subject-matter jurisdiction in accordance with the *Rooker-Feldman* doctrine.

### F.    Res Judicata

Defendants Jefferson County Metro Government and Harris argue that Plaintiff's claims are barred by res judicata. *See* [R. 8-1]. Res judicata, or claim preclusion, "prohibits the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action." *Miller v. Admin. Off. of the Cts.*, 361 S.W.3d 867, 871 (Ky. 2011); *see Brandenburg Tel. Co. v. Sprint Commc'ns Co., L.P.*, 658 F. Supp. 3d 427, 452 (W.D. Ky. 2023).[8]

---

[8] When a party asserts "[f]ederal claims that attempt to relitigate issues already heard in a state court (or reviewed by a state appellate court)," such claims are barred by preclusion doctrines—namely, collateral estoppel or res judicata—

Res judicata "stands for the principle that once rights of the parties have been finally determined, litigation should end." *Miller*, 361 S.W.3d at 871 (quoting *Slone v. R&S Mining, Inc.*, 74 S.W.3d 259, 261 (Ky. 2002)) (internal quotation marks omitted). Thus, its "very purpose ... is to preclude repetitious actions." *Id.* at 872 (citing *Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky. Ct. App. 2009)). To invoke the doctrine, three elements must be satisfied: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits." *Id.* (citing *Harrod*, 283 S.W.3d at 250). If these elements are met, the doctrine applies "even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action." *Reesor v. City of Audubon Park*, No. 2016-CA-000127-MR, 2017 WL 2609243, at *3 (Ky. Ct. App. June 16, 2017) (quoting *Dennis v. Fiscal Ct. of Bullitt Cnty.*, 784 S.W.2d 608, 610 (Ky. Ct. App. 1990)) (internal quotation marks omitted).

### 1.     Identity of the Parties

With respect to the first element, the Court finds that there exists "an identity of parties between the two actions." *Miller*, 361 S.W.3d at 872 (citation omitted). In Plaintiff's two state court cases, the parties included both Jefferson County Metro Government and Marilyn Harris. [R. 1-10]; [R. 8-2, p. 4]. The Court finds that there is clearly an identity of parties between the state proceedings and this federal suit. The first element of res judicata is therefore satisfied.

---

"via the Full Faith and Credit statute, 28 U.S.C. § 1738, which extends the principles embodied in the Full Faith and Credit Clause of the U.S. Constitution." *Hillman v. Shelby Cnty. Govt.*, 297 F. App'x 450, 451 (6th Cir. 2008). These full faith and credit principles "generally require 'that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *In re Bursack*, 65 F.3d 51, 53 (6th Cir. 1995) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Accordingly, the Court looks to Kentucky's preclusion law to determine if res judicata applies in this case. *See id.* (citation omitted).

### 2.    Identity of the Causes of Action

The second element of res judicata requires "an identity of the two causes of action." *Id.* To determine whether an identity of causes of action exists, Kentucky courts employ the "transactional approach." *Lawrence v. Bingham Greenebaum Doll, L.L.P.*, 599 S.W.3d 813, 826 (Ky. 2019) (citation omitted). Under this approach, "[i]dentity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Hashemian v. Louisville Reg'l Airport Auth.*, 493 S.W.3d 843, 846 (Ky. Ct. App. 2016) (quoting *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)) (internal quotation marks omitted). Thus, the reviewing court must "compare the factual issues explored in the first action with the factual issues to be resolved in the second" to determine whether there exists a "common nucleus of operative fact" among the two cases. *Lawrence*, 599 S.W.3d at 826 (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1301–02 (11th Cir. 2001)) (internal quotation marks omitted). In the context of a res judicata claim, "the test for 'common nucleus of operative fact' . . . is not simply one of whether the two claims are related to or may materially impact one another." Id. (quoting *In re Piper*, 244 F.3d at 1301) (internal quotation marks omitted). Instead, "[i]f the factual scenario of the two actions parallel, the same cause of action is involved in both." Id. (quoting *Motient Corp. v. Dondero*, 269 S.W.3d 78, 83 (Tex. App. 2008)) (internal quotation marks omitted). Accordingly, it is possible for the doctrine of res judicata to apply even when a claim raised in the second action was not raised in the first action but could have been raised in that initial case. *See, e.g.*, *Hashemian*, 493 S.W.3d at 846 ("Res judicata bars not only those claims previously raised, but those which could have been raised in the prior action.").

With these principles in mind, the Court determines that there was clearly identity of the causes of action between the two state proceedings and this action. In all three proceedings, Plaintiff has requested that the $7,500 in rent money originally awarded be returned to him. *See* [R. 1]; [R. 1-10]; [R. 8-2, p. 4]. This request stems from the same "factual issues" recited in Section I. of this memorandum and in the state court cases, meaning that there is a "common nucleus of operative fact" between the state court cases and the instant action. *Lawrence*, 599 S.W.3d at 826 (quoting *In re Piper*, 244 F.3d at 1301–02); *see* Section I.; [R. 1]; [R. 1-5]; [R. 1-7]; [R. 1-10]. Therefore, the second element of res judicata has been satisfied.

### 3.    On the Merits

To satisfy this final element, "the prior action must have been decided on the merits." *Miller*, 361 S.W.3d at 872 (citation omitted). In Kentucky, "[a] judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form, or is a judgment that determines on an issue either of law or fact, which party is right." *Martin v. Personnel Bd.*, 959 S.W.2d 779, 780–81 (Ky. Ct. App. 1997) (citations omitted). Thus, if a case is dismissed for lack of subject matter jurisdiction, failure to name an indispensable party, or similar reasons, it has not been adjudicated on the merits. *See id.*; *Clemmer v. Rowan Water, Inc.*, 277 S.W.3d 633, 635 (Ky. Ct. App. 2009); *Hamm v. Workman*, No. 2009-CA-001767-MR, 2009 WL 2192790, at \*2 (Ky. Ct. App. July 24, 2009); *see also Brandenburg Tel. Co.*, 658 F. Supp. 3d at 461–62 (discussing the "final judgment on the merits" element). However, orders dismissing cases under Rule 12(b)(6) typically qualify as final judgments on the merits for preclusion purposes. *See* 50 C.J.S. Judgments § 949 (May 2024 Update) ("A judgment on a motion to dismiss for failure to state a claim on which relief can be granted, or on a general

demurrer on substantive grounds, ordinarily bars another action for the same cause, having preclusive effect as a final judgment on the merits.").

Here, both state court cases were dismissed for Plaintiff's failure to state a claim upon which relief can be granted. *See* [R. 1-10]; [R. 8-2, p. 4]. This basis does not fall within one of the categories listed above that has previously been determined not to be an adjudication on the merits. And again, as a general matter, a motion to dismiss for failure to state a claim is an adjudication on the merits. *See* 50 C.J.S. Judgments § 949 (May 2024 Update); *Humber v. Lexington-Fayette Urb. Cnty. Gov't*, 553 S.W.3d 273, 278 (Ky. Ct. App. 2018); *Burger v. W. Ky. Navigation, Inc.*, No. 2009–CA–001249–MR, 2010 WL 2326590, at \*4 (Ky. Ct. App. June 11, 2010).

Thus, with all three elements satisfied, Plaintiff's claims against Defendants Jefferson County Metro Government and Harris are barred by res judicata. [9]

## IV.    CONCLUSION

For these reasons, the Court will dismiss Plaintiff's claims against all Defendants. Based on the above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.    Defendants Jefferson County Metro Government and Marilyn Harris's Motion to Dismiss, [**R. 8**], and Defendant Mitch Perry's Motion to Dismiss, [**R. 9**], are **GRANTED**.

2.    A separate dismissal order will issue.

---

[9] Defendants Jefferson County Metro Government and Harris briefly argue that "[in the state court action], as here, Merchants Financial Services LLC was not a party to the action, and [the plaintiff] is not allowed to assert such claim on the limited liability company's behalf." [R. 8-1, p. 6]. Plaintiff did not respond to this argument. Because Plaintiff's claims clearly fail for other reasons, the Court does not address this argument.

This the 13th day of January, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:    Plaintiff, *pro se*
       Counsel of record

20